UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIELLE GROOVER,   Case No. 1:19-cv-1254

                Plaintiff,

-against-   **COMPLAINT**

MERIDIAN FINANCIAL SERVICES, INC. and
DOES 1 through 10, inclusive,

                Defendants.
-------------------------------------------------------------X

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant MERIDIAN FINANCIAL SERVICES, INC. alleges as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a citizen of the State of New York residing in this district.
3. Upon information and belief, the Defendant MERIDIAN FINANCIAL SERVICES, INC. is a debt collector as defined pursuant to 15 U.S.C. § 1692 a(6), authorized to do business in the state of New York, with its principal place of business in Asheville, North Carolina.

1

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant regularly conducts business in this district.

## FACTUAL ALLEGATIONS

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That a personal debt was allegedly incurred by Plaintiff Danielle Groover to one "FlexShopper."

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred to and/or assigned to the Defendant for collection.

8. That in or about August 2018 through January 2019, Defendant made several calls to the Plaintiff in an attempt to collect a debt.

*Count One*

9. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

10. That on or about August 2018, Defendant MERIDIAN FINANCIAL SERVICES, INC. called Plaintiff at her place of employment in an attempt to collect a debt.

11. That during said phone call, Defendant's agent, one Jennifer Schaefer, informed Plaintiff that she owed a balance on a "FlexShopper" account and that Defendant was getting ready to garnish Plaintiff's wages.

12. That Plaintiff advised Defendant that she could not receive phone calls from Defendant at work and asked Defendant for a contact number so that she could call back for more information at a more appropriate time when she could speak.

13. That Plaintiff asked Defendant to cease calling her at her place of employment.

14. That Defendant's phone calls to Plaintiff's place of employment and threats of wage garnishment caused Plaintiff a great deal of stress, worry and anxiety.

15. That Defendant's conduct constitutes abuse and harassment in violation of 15 U.S.C. §1692d.

16. That Defendant's communications contained language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

17. That Defendant's communications contain threats to garnish wages and take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C.§1692e.

18. That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

*Count Two*

19. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

20. That shortly after their initial telephonic communication, Plaintiff called Defendant back in order to obtain more information about the alleged debt.

21. That in said phone call, Defendant's agent warned Plaintiff that she needed to set up a payment plan on her credit/debit card immediately to prevent her wages from being garnished.

22. That Plaintiff advised Defendant that she was unable to do so, to which Defendant replied in pertinent part, that this was their "last attempt."

23. That Defendant's agent informed Plaintiff that Defendant had mailed Plaintiff letters regarding the alleged debt.

24. That upon information and belief, Defendant did not mail Plaintiff any correspondence regarding the alleged debt, contrary to the representations made by Defendant's agent.

25. That Plaintiff, out of fear of her wages being garnished and as a result of Defendant's pressure tactics and threats, agreed to make bi-weekly payments of $50, as that amount was, according to Defendant's agent, the minimum amount Defendant would accept to avoid a garnishment.

26. That Defendant's agent used threatening language to create a deceptive sense of urgency in Plaintiff and coerce her into signing up for a payment plan she could not afford.

27. That Defendant failed to provide Plaintiff Groover with a written notice regarding the alleged debt in accordance with the law.

28. That Defendant's agent used false, deceptive and misleading language to threaten garnishment and suggest imminent legal action which cannot legally be taken or is not actually intended to be taken, and is actually designed to coerce payment under duress.

29. That Defendant's communications contain language demonstrating false statements, threatening implications, and deceptive representations, misleading confusing and overshadowing language which contradicts the consumers' rights.

30. That Defendant's communication contained abusive and harassing language in violation of 15 U.S.C. §1692d.

31. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

32. That Defendant's communications contain threats of garnishment and action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e.

33. That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

34. That Defendant's conduct violates 15 U.S.C. §1692g in that Defendant failed to provide Plaintiff with written notice regarding the alleged debt.

*Count Three*

35. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
36. That approximately one week later, Defendant once again called Plaintiff at work in an attempt to collect a debt, despite Plaintiff's specific request for them to stop calling her at her place of employment.
37. That Plaintiff feared that the calls from the Defendant at work would jeopardize her employment, which caused her a great deal of additional stress.
38. That Plaintiff became increasingly confused and anxious as a result of Defendant's high-pressure collection tactics and harassment.
39. That Plaintiff continued to make bi-weekly payments to Defendant on an alleged debt that she had not received any notices for, out of fear.
40. That Plaintiff made several bi-weekly payments to Defendant as a result of Defendant's threats of wage garnishments and in order to avoid further harassment from Defendant at her place of employment.
41. That Defendant's conduct constitutes harassment in violation of 15 U.S.C. §1692d.
42. That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

*Count Four*

43. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
44. That after months of making regular bi-weekly payments to Defendant, Plaintiff discovered that the alleged FlexShopper account in question actually had a zero balance on her credit report.
45. That upon information and belief, Plaintiff disputed the FlexShopper trade-line and the account was ultimately deleted off her credit report.

46. That Plaintiff immediately contacted Defendant's agent to dispute the alleged debt and advised Defendant that she would cease future payments.

47. That upon information and belief, Defendant used false statements and deceptive representations in their attempts to collect a debt in violation of 15 U.S.C. §1692e.

48. That Defendant falsely represented the character, amount and/or legal status of the debt in violation of 15 U.S.C. §1692e.

49. That Defendant used unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

*Count Five*

50. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

51. That on or about the end of January of 2019, Defendant's agent contacted Plaintiff's mother, a third party, by telephone in an attempt to collect a debt from Plaintiff.

52. That on one such phone call, Defendant's agent informed Plaintiff's mother that the call was regarding an arrangement Plaintiff had with Defendant and that Plaintiff had "missed payments."

53. That Defendant's agent instructed Plaintiff's mother to relay the message to Plaintiff.

54. That upon information and belief, Defendant falsely advised Plaintiff's mother that they could no longer reach Plaintiff and that Plaintiff's voicemail box was full.

55. That upon information and belief, Defendant's agent falsely advised Plaintiff's mother that her phone number was listed as a secondary number for the Plaintiff, where in fact, Plaintiff never disclosed such information to Defendant.

56. That Defendant failed to properly identify itself, the purpose of the phone call or provide any meaningful disclosures as required by law.

57. That Defendant's collection attempts caused both Plaintiff and her mother a great deal of stress, anxiety, confusion and fear as to how Defendant was able to obtain the phone number for Plaintiff's mother.

58. That Defendant's conduct violates 15 U.S.C. §1692c(b) because the Defendant communicated with the Plaintiff's mother, a third party, in an attempt to collect a debt.

59. That Defendant's conduct violates 15 U.S.C. §1692b because: 1) the Defendant communicated with a third party for a purpose other than to acquire location information, 2) the Defendant did not state that s/he was confirming or correcting location information and 3) the Defendant informed Plaintiff's mother that the phone call was regarding the Plaintiff's debt.

60. That Defendant's conduct and communications harassed and abused Plaintiff and her mother in violation of 15 U.S.C. §1692d.

61. That Defendant's agent did not meaningfully identify himself as a representative of a debt collection agency, nor did he make the proper disclosures as required per 15 U.S.C. §1692 d(6) and e(11).

62. That Defendant falsely represented the character, amount and/or legal status of the debt in violation of 15 U.S.C. §1692e.

63. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C.§1692e.

64. That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFF

65. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

66. That in its attempts to collect a debt, Defendant used false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

67. That Defendant's use of deceptive language contains false statements and threats of garnishment and action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

68. That Defendant's conduct harassed and abused the Plaintiff as well as her mother, causing Plaintiff a great deal of stress, anxiety, confusion and worry.

69. That the Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

70. That following Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: monetary loss, stress, anxiety, extreme humiliation and sleepless nights.

71. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f) and (g) in that the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of her legal rights as required by law.

    1. The Defendant's conduct violates 15 U.S.C. §1692b because: 1) the Defendant communicated with a third party for a purpose other than to acquire location information, 2) the Defendant did not state that s/he was confirming or correcting location information and 3) the Defendant informed a third party that the phone call was regarding the Plaintiff's debt;

    2. The Defendant violated 15 U.S.C. § 1692c because the Defendant communicated with the Plaintiff's mother, a third party, in an attempt to collect a debt;

    3. The Defendant violated 15 U.S.C. § 1692d by harassing the Plaintiff;

    4. The Defendant violated 15 U.S.C. § 1692e by failing to make proper disclosures, by using false threats, including but not limited to threats of wage garnishment, and by employing deceptive means in an attempt to collect a debt;

    5. The Defendant violated 15 U.S.C. §1692f by engaging in unfair or unconscionable means to collect or attempt to collect any debt; and

    6. The Defendant violated 15 U.S.C. §1692g by failing to provide written notice

      regarding the alleged debt in accordance with the FDCPA.

72.    That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory, actual, compensatory and punitive damages in an amount to be determined at the time of trial; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court does deem just, equitable and proper.

Dated: February 8, 2019

/s/ Amir J. Goldstein, Esq.
Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
166 Mercer Street, Suite 3A
New York, New York 10012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff request trial by jury on all issues so triable.

/s/ Amir J. Goldstein, Esq.
Amir J. Goldstein  (AG-2888)

9