

50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

June 26, 2019

**VIA ECF**
Hon. Valerie Caproni
U.S. District Court, Southern District of NY
40 Foley Square, Room 443
New York, NY 10007

        Re:    <u>Groover v. JTM Capital Management, LLC</u>
               Case No.: 19-cv-1254 (SDNY)

Dear Judge Caproni:

We are counsel for Defendant JTM Capital Management, LLC ("JTM") in the above matter.

A discovery dispute has arisen between the parties which requires the Court's intervention. While your Honor's Rules indicate that the parties should jointly contact the Court to initiate this process, as set forth in detail below, counsel for Plaintiff, Amir Goldstein, Esq., has refused to provide a time for the parties to jointly contact the Court.

On April 16, 2019, JTM served Interrogatories and a Request for Production on Plaintiff. Plaintiff failed to provide a timely response to same. On May 20, 2019, I wrote a letter asking Mr. Goldstein seeking a time to meet and confer, pursuant to Fed. R. Civ. P. 37, concerning Plaintiff's failure to respond to JTM's discovery demands. On May 20, 2019, I spoke to Mr. Goldstein on the telephone wherein he assured that Plaintiff would respond to JTM's discovery demands on or before June 3, 2019, and given that Plaintiff failed to timely respond to JTM's discovery demands, Plaintiff would not assert any objections.

On June 3, 2019, Plaintiff provided insufficient responses to JTM's Request for Production and Interrogatories littered with improperly asserted objections. Accordingly, on June 3, 2019, I wrote a letter to Mr. Goldstein outlining Plaintiff's deficiencies and requested that he provide me with a date and time to meet and confer. On June 11, 2019, I conferred with Mr. Goldstein on the telephone wherein he indicated he would provide supplemental responses to JTM's Interrogatories and Request for Production.

Brendan H. Little | Partner | blittle@lippes.com

**New York:** Albany, Buffalo, New York City • **Florida:** Ponte Vedra Beach • **Ontario:** Greater Toronto Area • **Washington, D.C.**



On June 18, 2019, Plaintiff served supplemental responses. However, the responses were again deficient. Accordingly, on June 19, 2019, I sent Mr. Goldstein another letter outlining the deficiencies and requested that he and I speak on or before June 21, 2019 to resolve the discovery issues. In response, Mr. Goldstein claimed he was not available until June 24, 2019. Thus, we agreed to speak on June 24, 2019 at 3:00 pm EST.

On June 24, 2019 at 3:00 pm EST, I contacted Mr. Goldstein via telephone. He did not answer my call and I left him a voicemail. I also sent Mr. Goldstein an email reminding him that we had scheduled a telephone call to address the discovery issues. At 3:44 pm EST, I received an email from Mr. Goldstein asking me to contact him on his cellular telephone. Upon receipt of the email, I called him on his cellular telephone and in anticipation of calling your Honor's chambers, requested that he and I agree on three dates in which we were both available speak with the Court. Mr. Goldstein refused to provide me with dates and indicated that he wanted to review your Honor's Rules before he committed to any dates.

Approximately 20 minutes after Mr. Goldstein and I spoke, I received an email from Mr. Goldstein asking me to again outline what I perceived to be the discovery issues despite the fact my June 3 and June 19 letters and June 11 telephone clearly identified same. I then suggested that we speak on 10:00 am EST on June 25, 2019 so that we could jointly contact your Honor's chambers to raise the discovery dispute with your Honor's staff. Mr. Goldstein responded that he would not be available at 10:00 am EST, but 2:00 pm EST would work.

On June 25, 2019 at 2:00 pm EST, I contacted Mr. Goldstein via telephone and he again did not take my call. I left him a voicemail and sent him an email. At 2:26 pm EST, I received an email from Mr. Goldstein saying he was no longer available today or tomorrow and that June 27, 2019 *might* be better.

It is respectfully submitted that Plaintiff and Mr. Goldstein have evaded providing JTM with complete discovery responses that articulates Plaintiff's factual basis for the allegations in the Amended Complaint. The Amended Complaint alleges that JTM violated the Fair Debt Collection Practices Act during multiple phone calls with Plaintiff. As JTM does not make telephone calls to consumers and as Plaintiff has refused to provide the factual basis for her allegations in discovery, it is JTM's position that Plaintiff's allegations likely run afoul of Fed. R. Civ. P. 11. In addition, Mr. Goldstein has refused to comply with your Honor's Rules regarding discovery disputes and as a result, I have been unable to contact your Honor's chambers as outlined in your Honor's Rules to resolve the discovery dispute.



JTM seeks a resolution of the following discovery disputes:

- Plaintiff must withdraw all objections because her discovery responses were untimely;
- Interrogatory 3: Plaintiff refuses to provide the dates and times JTM purportedly contacted her via telephone;
- Interrogatory 4: Plaintiff refuses to provide the telephone numbers she received JTM's telephone calls from;
- Interrogatory 5: Plaintiff refuses to provide the dates and times she and JTM spoke on the telephone and the substance of the telephone calls;
- Interrogatory 8: Plaintiff refuses to provide the date and time she purportedly spoke to JTM and told JTM to stop calling her at work as well as the identity of the JTM employee she spoke with;
- Interrogatory 9: Plaintiff refuses to provide the date and time she purportedly spoke to JTM and JTM threatened to garnish her wages as well as the identity of the JTM employee she spoke with;
- Interrogatory 10: Plaintiff refuses to provide the date and time she purportedly spoke to JTM to dispute the subject debt as well as the identity of the JTM employee she spoke with;
- Interrogatory 13: Plaintiff refuses to identify her actual damages;
- Request for Production 11: all documents that show the dates and times JTM purportedly contacted Plaintiff via telephone or indicate that Plaintiff does not possess same;
- Request for Production 12: all documents that demonstrate Plaintiff suffered actual damages or indicate that Plaintiff does not possess same;
- Request for Production 15: all documents that demonstrate Plaintiff made payments to JTM or indicate that Plaintiff does not possess same; and
- Request for Production 17: a complete copy of Plaintiff's credit report.

I respectfully request that your Honor schedule a telephonic conference so that the issues identified by JTM can be addressed by the Court.

Thank you for your courtesy and cooperation in this matter.



Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

/s Brendan H. Little

Brendan H. Little

BHL/bmo